IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Reginald B. Wilson,

                Plaintiff,

Case No. 1:21-cv-05690

Columbia College Chicago,

Honorable John Robert Blakey

                Defendant.

First Amended Complaint

The plaintiff, Reginald B. Wilson ("Plaintiff" or "Wilson"), by and through undersigned counsel, brings claims against the defendant, Columbia College Chicago ("Defendant" or "Columbia") for discrimination and retaliation in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1981; the Civil Rights Act of 1964, 42 U.S. Code § 2000e–2(a)(1) ("Title VII"); the Illinois Human Rights Act, 775 ILCS 5 §§ 1-102, 2-102; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; and support of such claims states as follows:

**Jurisdiction and Venue**

1. This Court's jurisdiction is invoked pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. §§451, 1331, 1343, and 1367.

2. Venue is proper under 28. U.S.C. § 1391(b) because Defendant is located in Illinois and the unlawful employment practices alleged herein took place in the Northern District of Illinois.

3. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 27, 2021 alleging race and age discrimination as well as retaliation. At Plaintiff's request, the EEOC issued a Notice of Right to Sue on February 23, 2022.

4. Plaintiff's charge was cross-filed with the Illinois Department of Human Rights ("IDHR"). Within 30 days of the EEOC's issuance of the Notice of Right to Sue, Plaintiff provided a copy of the notice to the IDHR via certified U.S. mail.

## The Parties

5. Plaintiff is an African American adjunct professor and long-time employee of Columbia College Chicago. Plaintiff is sixty years old.

6. Columbia College Chicago is a not-for-profit organization properly recognized and sanctioned by the laws of the State of Illinois.

## Facts Common to All Claims

7. Wilson, an adjunct professor with his own architectural practice, began teaching courses for Columbia in the fall of 1993 in the Interior Architecture Program of the Design Department, and has continuously taught in the department since then.

8. Since Wilson began teaching at Columbia, he has designed and taught multiple courses, received positive reviews from students, and played an integral role in the development of the Interior Architecture Program.

9. In 2010, Columbia replaced Joclyn Oats, who is black, as Coordinator for the Interior Architecture Program with Timothy Cozzens ("Cozzens"), who is white, and promoted him to the position of Director.

10. As Director, Cozzens began the process of marginalizing and driving out qualified faculty of color. He did this primarily by withholding class assignments from faculty of color who had played a pivotal role in the development of the Program's curriculum, ignoring standard practice as well as seniority rules specified in the Collective Bargaining Agreement and causing such a diminution of their pay that two faculty of color ended up leaving.

11. Throughout the time period relevant to this action, Cozzens continued to influence course assignments within the Interior Architecture program.

12. Columbia, through Cozzens, began withholding class assignments from Wilson that he was qualified and willing to teach, assigning some of those courses to white and substantially younger adjunct faculty instead. Sometimes Cozzens hired new adjunct faculty to teach courses that Wilson was qualified to teach while assigning him less than a full load.

13. For example, Columbia refused to assign Wilson studio classes, claiming that accreditation prohibited the assignment of studio courses to faculty with degrees in architecture as opposed to interior design.

14. It is not true that accreditation prohibits faculty with degrees in architecture from teaching studio courses, as the chair of the department acknowledged on March 10, 2020.

15. Columbia, which characterizes itself as an institution that believes working professionals are "uniquely qualified to share their expertise in the classroom," is aware that Wilson has extensive experience in interior architecture, experience which further qualifies him to teach studio and other courses.

16. Columbia repeatedly assigned studio courses Wilson was qualified to teach to white, substantially younger instructors. For example, for the fall semester of 2021 Columbia assigned two sections of INTA 318 to a white and younger instructor with a degree in architecture.

17. Respondent also routinely denies Wilson the opportunity to teach courses Wilson himself designed, contrary to Respondent's standard practice, assigning several of these courses to younger, white adjunct faculty instead.

18. On or about August 31, 2020 Wilson sent a letter to the dean and others complaining about marginalization and denial of courses on the basis of race.

19. That fall, Wilson did not receive the customary October/November email assigning him courses for the Spring. He was finally assigned two one-credit classes for the Spring of 2021 in January of 2021, but was denied the usual Building Systems course he normally taught.

20. On July 23, 2021 Wilson, through his attorney, sent a letter to Respondent alleging that he was being treated differently than similarly-situated instructors

4

on the basis of race. Respondent replied on August 13, denying that it had subjected Wilson to discriminatory treatment.

21. On August 19, 2021, less than one month after Wilson's protected activity and when the fall semester was about to begin, Respondent sent Wilson an email saying it would be revoking one of his course assignments "[d]ue to scheduling needs," an excuse it had used in the past. On information and belief, no scheduling needs necessitated the revocation of the course assignment.

22. There were other courses Wilson was qualified and willing to teach during the fall semester of 2021, but Columbia refrained from assigning him any other classes.

## Count I
## Race Discrimination, 42 U.S.C. § 1981 and Title VII

23. All of the allegations in the foregoing paragraphs are incorporated by reference as if fully set out herein.

24. Starting in the spring semester of 2018 and continuing to the present, Wilson was denied course opportunities at Defendant because of his race.

25. Columbia routinely assigned courses Wilson was capable of teaching to similarly-situated white instructors.

26. Columbia regularly varied from its regular practices in denying Wilson course assignments.

27. Defendant provided several non-discriminatory reasons for denying Wilson course opportunities that are false or not the true reason for the denial.

28. As a result of the practices alleged herein, Plaintiff has suffered lost wages and benefits as well as emotional distress.

## Count II
## Retaliation for Protected Activity, 42 U.S.C. § 1981 and Title VII

29. All of the allegations in the foregoing paragraphs are incorporated by reference as if fully set out herein.

30. Plaintiff engaged in statutorily protected activity by sending letter on August 31, 2020 and July 23, 2021 alleging race discrimination in employment.

31. In retaliation for this protected activity, Defendant revoked a course assignment it had previously issue to Wilson and denied Wilson other courses it could have assigned him for the Spring of 2021, Fall of 2021, and Spring of 2022 semesters.

32. As a result of the practices alleged herein, Plaintiff has suffered lost wages and benefits as well as emotional distress.

## Count III
## Age Discrimination in violation of the ADEA and the Illinois Human Rights Act

33. All of the allegations in the foregoing paragraphs are incorporated by reference as if fully set out herein.

34. Starting in January of 2021 and continuing to the present, Wilson was denied course opportunities at Columbia because of his age.

35. Columbia routinely assigned courses Wilson was capable of teaching to similarly-situated substantially younger instructors.

36. Columbia regularly varied from its regular practices in denying Wilson course assignments.

37. Defendant provided several non-discriminatory reasons for denying Wilson course opportunities that are false or not the true reason for the denial.

38. As a result of the practices alleged herein, Plaintiff has suffered lost wages and benefits as well as emotional distress.

WHEREFORE Plaintiff respectfully requests:

- All wages he would have received but for the discrimination and retaliation;
- Damages for emotional injuries;
- Punitive damages;
- Prejudgment interest;
- Attorneys' fees and costs; and
- Such other relief as law and justice allow.

## JURY DEMAND

Plaintiff requests trial by jury.

Respectfully submitted,

s/ Rima Kapitan
Atty No. 6286541
Kapitan Gomaa Law, P.C.
P.O. Box 6779
Chicago, Illinois 60680
Phone: (312) 566-9590
Fax: (312) 566-9591
rima@kapitangomaa.com